Benjamin Brenner, J.
Proceeding to review the determination of respondent denying an increase in the maximum rent. The petitioning landlord sought the increase under subdivision 3 of section 33 of the State Rent and Eviction Regulations on the ground that the tenant had sublet the apartment without its consent. That section and section 4 (subd. 4, par. [a], cl. [9]) of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) permits an increase for a subletting without such written consent or for additions in the number of adult occupants, not members of tenant’s immediate family, without compensation therefor by adjustment of maximum rent by lease or order of the Administrator or pursuant to the Federal Act.
*843 The record discloses that since i.953 tenant shared apartments in the same building with other persons, that voluntary leases with increased rentals were entered into from time to time and that the owner or its agent had knowledge that the apartments were so shared. Bespondent found that the owner’s agent, the superintendent of the building, had knowledge of occupancy by such subtenants, that at the time of the rental of the apartment here specifically involved, the additional occupant who was then residing with the tenant in another apartment, moved into the subject accommodation with the tenant; that since the inception of tenant’s occupancy in the building she has always had additional occupants to the knowledge of landlord’s agent, which knowledge is imputed to the landlord, and that the acquiescence by the landlord over the years is an implied consent to such an additional occupancy.
It is clear to me that the petitioner has, by its conduct, waived the requirement of the statute for its written consent respecting the tenant’s subletting activities. Section 12 of the Emergency Business Space Bent Control Law (L. 1945, ch. 314 as amd.), cited by petitioner, as a restriction upon what I consider to be a waiver, is unavailable to it as landlord and, in any event, this section is inapplicable as it applies to business space rentals only.
Bespondent’s determination that there had not been an increase in subtenancy or the number of additional occupants warranting an increase in maximum rent, is also supported by the record and it is not arbitrary, capricious or contrary to law. I will not, therefore, substitute my judgment for that of the administrative agency. (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1.) The petition is dismissed.